## CIRCUIT COURT OF ARLINGTON COUNTY

Commonwealth of Virginia

v.

Manuel M. Diaz and
Marcello Vera

September 10, 1984

Case No. C-22330,1,22416,7

By JUDGE CHARLES H. DUFF

For decision are various motions filed by the defendants seeking suppression of a number of items of physical evidence seized at the time of their arrest or in the subsequent search of the two apartments. Lengthy evidentiary hearings have been held and able memoranda submitted by both sides. These have been carefully examined and the authorities cited therein reviewed. I am of the conclusion that all motions must be denied. . .

The initial and highly important issue is whether the police had the right to stop the vehicle operated by Defendant Vera and in which Defendant Diaz was a passenger. If that action was illegal under prevailing law then it follows that none of the information secured as a result of the vehicle search could properly be used in the affidavit for the search warrants of the two apartments. However, as I am of the opinion that the halting of the vehicle was proper under the peculiar circumstances revealed by the evidence, the issue of whether the subsequent affidavits for warrants for search of the apartments were sufficient becomes moot.

Under the rationale of *Segura* v. *United States*, 35 Cr. L 3298, decided July 5, 1984, the police could lawfully seize and hold the vehicle until a search warrant for its contents could be obtained. Considering the investigation that had preceded the halting of the vehicle and the exit of 1850 Columbia Pike by the defendants carrying packages not earlier observed, I am of the opinion that Lt. Arthur Christiansen at least had reasonable and articulable suspicion to believe that the vehicle was subject to an investigative stop pending the arrival of a warrant. See *Delaware* v. *Prouse*, 99 S.Ct. 1397, and *U. S.* v. *Brignoni-Ponce*, 95 S.Ct. 2574.

After the stop, the record clearly demonstrates the officer's justification for placing the driver, Defendant Vera, under arrest for possession of a concealed weapon and the passenger, Defendant Diaz, under arrest for possession of cocaine. While it appears that the leather pouch wherein the cocaine was found belonged to Vera, Diaz had it in his possession and, according to the evidence, was attempting to hide it under the passenger seat. Under these circumstances both defendants were properly taken into custody.

The more troublesome issue presented by the motions has to do with the sufficiency of Detective Tamez's affidavit supporting the request for the warrants. Defendants assert earnestly that the affidavits contain statements of deliberate falsehood or reckless disregard for the truth and that when these are excised the remaining allegations are merely conclusory and cannot support the issuance of the search warrants. See *Franks* v. *Delaware*, 98 S.Ct. 2674.

I have examined the affidavit page by page as well as the transcript of the testimony taken at hearing. It would overly burden this brief opinion to comment on each of the claims of inaccuracies and/or deliberate falsehoods. One, however, does require comment; that being the assertion in paragraph two that C/S-2 stated that he/she had personal knowledge that there was a large plastic bag of white powder located in apartment 1012 at 5300 Columbia Pike. The evidence establishes that C/S-2 had not personally observed the white powder but had learned of its existence from C/S-1. Defendants contend that by advising the magistrate that C/S-2 had personal knowledge when he did not, affiant deliberately falsified the truth. Detective Tamez testified that personal know-

ledge was not the same as personal observation in his judgment; that he had not intended to state that C/S-2 was in the apartment and that he had in fact spoken with C/S-1 who was in the apartment and who confirmed what he had learned from C/S-2.

With respect to the reliability of Richard Roe, the assertions he made to Detective Tamez were clearly against his penal interest and as such attested to his reliability.

While it would have been preferable not to have used the phrase "personal knowledge," the real issue is whether its use amounts to a deliberate or reckless disregard for the truth. The affidavit prepared by Detective Tamez was the culmination of a lengthy investigation undertaken by the Arlington County Police Department. There are various other inaccuracies; however, I do not feel that any of them, including the use of the phrase "personal knowledge," evidences bad faith or a deliberate attempt to mislead the magistrate. As was stated in *U. S.* v. *Pond*, 523 F.2d 210:

> We do not read supporting affidavits with the same microscopic intensity as municipal bond counsel would a bond indenture.

The remaining motions are denied.